# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JASON EASTMAN, ADAM MCCARTHY,** and **ZACHARY ROSENBERG**, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **QUATTRO DIRECT, LLC,** a Pennsylvania limited liability company, and **RESOURCE MARKETING CORP, LLC,** a New York limited liability company, <br><br> *Defendants.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Jason Eastman ("Eastman"), Adam McCarthy ("McCarthy"), and Zachary Rosenberg ("Rosenberg") bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Quattro Direct, LLC ("Quattro") and Resource Marketing Corp, LLC ("RMC"), to stop Quattro and RMC from violating the Telephone Consumer Protection Act by making unsolicited, prerecorded calls and sending unsolicited, autodialed text messages to consumers *without their consent*, including to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

1

## INTRODUCTION

**RMC is the Exclusive Call Center of Quattro in Quattro's Attempt to Benefit from Telemarketing While Attempting to Avoid Liability for Violating the TCPA**

1.      Quattro provides advertising services to companies looking to develop their corporate identity and to expand their customer base.[1]  Quattro's suite of client services includes telemarketing, online advertising, and social media management.[2]

2.      Quattro uses RMC -- "the exclusive call center of Quattro" -- to generate leads and otherwise telemarket on Quattro's behalf (and, in effect, on behalf of Quattro's clients):



3.      As a result, any calls made by RMC are actually made on Quattro's behalf and at Quattro's direction.  In fact, on information and belief, Quattro created RMC to attempt to shield Quattro from liability for its telemarketing practices.[4]

4.      In the case of Plaintiffs, RMC, in its telemarketing on behalf of Quattro, made prerecorded calls and sent autodialed text messages, without Plaintiffs' consent, and despite the fact that McCarthy and Eastman had registered their cellular phone numbers on the National Do Not Call Registry ("DNC").

5.      In response to these calls, Plaintiffs file this lawsuit seeking injunctive relief, requiring Defendants to cease violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing prerecorded calls and sending autodialed text messages to consumers'

---

[1] http://philadelphia.citybizlist.com/article/418181/interview-with-scott-cohen-managing-director-and-partner-of-quattro-part-ii
[2] https://www.linkedin.com/in/ed-rooney-1469913/
[3] http://www.resourcemarketingcorp.com/
[4] https://www.linkedin.com/in/michael-marchesani-letsgo/;
https://www.facebook.com/michael.marchesani.94?ref=br_rs

cellular telephone numbers, without their consent, and otherwise calling telephone numbers

registered on the DNC, as well as an award of statutory damages to the members of the Classes

and costs.

## PARTIES

6.    Plaintiff Adam McCarthy is, and at all times relevant to the Complaint was, a

Voorheesville, New York resident.

7.    Plaintiff Jason Eastman is, and at all times relevant to the Complaint was, a

Medford, Massachusetts resident.

8.    Plaintiff Zachary Rosenberg is, and at all times relevant to the Complaint was, a

Moorestown, New York resident.

9.    Defendant Quattro is a Pennsylvania limited liability company headquartered in

200 Berwyn Park, Suite 310, Berwyn, Pennsylvania 19312. Defendant conducts business

throughout this District and the United States.

10.    Defendant RMC is a Delaware limited liability company headquartered in 800

Route 146, Suite 175, Clifton Park, New York 12065. Defendant RMC conducts business

throughout this District and the United States.

## JURISDICTION AND VENUE

11.    This Court has federal question subject matter jurisdiction over this action under

28 U.S.C. § 1331, as the action arises under the TCPA.

12.    This Court has personal jurisdiction over both Defendants and venue is proper in

this district because Plaintiff Eastman resides in this District and because the wrongful conduct

giving rise to this case was directed to this District and because Defendant does business in this

district.

**COMMON ALLEGATIONS**

**On Behalf of Quattro, RMC Places Prerecorded Calls and Sends Autodialed
Text Messages to Consumers, Without their Consent, and Regardless
of Whether Their Phone Numbers are Registered on the DNC**

13.     Quattro's overall marketing plan involves using RMC "as its exclusive call

center" to place prerecorded calls and send autodialed text messages to consumers, with their

consent, and regardless of whether those consumers have registered their phone numbers on the

DNC.

14.     There are numerous online consumer complaints relating to RMC's illegal

telemarketing practices on behalf of Quattro:

- "I have been receiving unsolicited text messages from 'Mark at RMC' from this number (and a lot of other similar (844) numbers) claiming that I filled out a refinance application (something I have not done). every day I block their number they send a text from another number[.]"[5]

- "I've been getting SCAM calls & text msgs from "Todd at RMC" for a few days. Says he can reduce my electric bill by 50% to 60% at no cost to me. Pretty preposterous, PLUS, I live in an ALF and haven't had an electric bill in years, LOL. He's using several ph numbers… 833-474-1089, 833-290-7827, 833-501-7653, 866-403-6161."[6]

- "ROBO CALL . SCAMMER[.]"[7]

- "Not only does he make nuisance [phone] calls, he spam texts too. I've gotten several texts now from this jerk."[8]

- "Got a voicemail from this scammer I was reaching out to you about an older application for refinance didn't know if you still wanted to pull some cash out of the home or just wanted to get a lower rate but there's been some new products open up to the market that should be able to help you out with that give me a call back this is Mark I'm here at R.M.C. my number is 877-415-8952 again this is Mark R.M.C. my number's 877-415-8952 talk to you soon by."[9]

---

[5] https://thisphone.us/8444607744
[6] https://800notes.com/Phone.aspx/1-833-474-1089
[7] http://www.whycall.me/877-415-8952.html
[8] *Id.*
[9] *Id.*

- "Did not answer cell. Rolled over to voice mail. "Todd from RMC" – reduce electric bill with "no cost to the consumer" solar. If this is real, definite violation of DNC. Will file a complaint."[10]

15.     By placing the unsolicited telephone calls and text messages at issue in this Complaint, Defendants caused the Plaintiffs and the other members of the Classes actual harm and cognizable legal injury.  This includes the aggravation and nuisance and invasions of privacy that result from the unsolicited prerecorded telephone calls that are being made to cellular phones, unsolicited text messages and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

## PLAINTIFF MCCARTHY'S ALLEGATIONS

16.     Plaintiff McCarthy registered his cellular number on the National Do Not Call Registry on September 9, 2005 in order to avoid receiving unsolicited telemarketing calls.

17.     On May 24, 2018, RMC, on behalf of Quattro, called McCarthy with a prerecorded message using phone number 877-415-8952. The message begins with a noticeable pause, then states, "*Yeah hi, I was reaching out to you about an older application for refinance. Didn't know if you still wanted to pull some cash out of the home, or just wanted to get a lower rate, but there's been some new products opened up to the market that should be able to help you out with that. Give me a call back, this is Mark. I'm here at RMC. My number is 877-415-8952. Again, this is Mark. RMC. My number's 877-415-8952. Talk to you soon. Bye.*"

18.     Shortly after McCarthy received the call with the prerecorded message, on May 24, 2018 at 12:53 pm, Defendants sent McCarthy an unsolicited, autodialed text message :

---

[10] https://800notes.com/Phone.aspx/1-866-403-6161



19.     On May 25, 2018, Defendants again called McCarthy on his cellular phone with a prerecorded message, again from phone number 877-415-8952. As with the previous prerecorded message, it starts with a pause, then states, "*Yeah hi, I was looking over your mortgage application again and was thinking you would benefit from consolidating some of your revolving debt into a lower monthly payment. Plus, you could write off that interest. Please give me a call back and we can discuss your options. This is Mark, the manager here at RMC. My number is 877-415-8952. Again, this is Mark. RMC. My number's 877-415-8952. Talk to you soon. Thanks.*"

20.     Again, shortly after McCarthy received the second call with the prerecorded message, on May 25, 2018, Defendants sent McCarthy another unsolicited, autodialed text message:



21.     On June 6, 2018, Defendants called McCarthy again with a prerecorded message, this time using phone number 866-403-6161. As with the two previous prerecorded messages, this message begins with a pause, and then the agent begins to speak saying, "*Yeah hi, I was*

*reaching out because it looks like you might be able to reduce your electric bill by as much as 50 or 60% with this special solar incentive program in your state. The government is funding this program and incentivizing the go solar so you could lower the cost of your electric bill with no out-of-pocket cost to you. Give me a call when you get this, I'll explain how it all works. This is Todd with RMC. And my number is 866-403-6161. Again, that's 866-403-6161. Talk to you soon. Thanks.*" Though the agent in the voicemail identifies himself as Todd, it is the same agent as the prior two prerecorded messages using the name Mark.

22.     Again, shortly after McCarthy received the third call with a prerecorded message, on June 6, 2018, Defendants sent McCarthy another unsolicited, autodialed text message:



23.     On June 11, 2018, Defendants sent McCarthy yet another autodialed text message, this time without an accompanying call:



24.     Plaintiff McCarthy has never provided his phone number to either Defendant and has never provided his prior express written consent for Defendants to solicit him with calls containing prerecorded messages or autodialed text messages.

**PLAINTIFF EASTMAN'S ALLEGATIONS**

25.    Plaintiff Eastman registered his cellular number on the National Do Not Call Registry on July 30, 2003 in order to avoid receiving unsolicited telemarketing calls.

26.    On June 5, 2018 at 11:33 am, Defendants called Plaintiff Eastman on his cellular phone with a prerecorded message. The phone number came through as "unavailable." Upon information and belief, the prerecorded message Eastman received was, "*Yeah hi, I was reaching out because it looks like you might be able to reduce your electric bill by as much as 50 or 60% with this special solar incentive program in your state. The government is funding this program and incentivizing the go solar so you could lower the cost of your electric bill with no out-of-pocket cost to you. Give me a call when you get this, I'll explain how it all works. This is Todd with RMC. And my number is 866-403-6161. Again, that's 866-403-6161. Talk to you soon. Thanks.*"

27.    On June 5, 2018 at 3:57 PM, Defendants sent Eastman an unsolicited autodialed text message. This is exactly the same autodialed text message that Defendants sent Plaintiff McCarthy on June 6, 2018. The two text messages are posted below for comparison:



*Plaintiff Eastman*                    *Plaintiff McCarthy*

28.    Plaintiff Eastman replied "unsub" to the text message, as shown in the screenshot above at 5:33 PM on June 5, 2018.

29.     Plaintiff Eastman has never provided his phone number to either Defendant and has never provided his prior express written consent for Defendants to solicit him with calls containing prerecorded messages or autodialed text messages.

### PLAINTIFF ROSENBERG'S ALLEGATIONS

30.     Defendants called Plaintiff Rosenberg twice with recorded messages regarding solar energy.

31.     Defendants' second call to Rosenberg, on June 5, 2018, was accompanied by an autodialed text message, which is exactly the same text message that Defendants sent McCarthy and Eastman:



32.     Plaintiff Rosenberg replied "unsub" to the text message he received on June 5, 2018, the same day he received the text, at 8:39 PM.

33.     Plaintiff Rosenberg has never provided his phone number to either Defendant and has never provided his prior express written consent for Defendants to solicit him with calls containing prerecorded messages or autodialed text messages.

34.     The unauthorized telephone calls made by RMC at Quattro's direction, as alleged herein, have harmed all three Plaintiffs in the form of annoyance, nuisance, and invasion of privacy, and disturbed their use and enjoyment of their phones, in addition to the wear and tear on the phone hardware (including the phone's battery) and the consumption of memory on the phones.

35.     Seeking redress for these injuries, Plaintiffs, on behalf of themselves and Classes

of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, which prohibits Defendants from making unsolicited calls with

prerecorded messages, sending unsolicited autodialed text messages, and otherwise soliciting

consumers who have registered their phone numbers on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiffs' TCPA Claims Arising
From Calls Made by Defendant RMC at Defendant Quattro's Direction**

36.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seek certification

of the following three Classes:

> **Prerecorded No Consent Class:** All persons in the United States who
> from four years prior to the filing of this action through the present (1)
> Defendants (or an agent acting on behalf of Defendants) called, (2) using a
> prerecorded voice message, (3) without prior express written consent.
>
> **Autodialed No Consent Class:** All persons in the United States who from
> four years prior to the filing of this action through the present (1)
> Defendants (or an agent acting on behalf of Defendants) sent text
> messages to, (2) on the person's cellular telephone, (3) using an autodialer,
> (4) without prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from
> four years prior to the filing of this action through the present (1) Defendants
> (or an agent acting on behalf of Defendants) called more than one time, (2)
> within any 12-month period, (3) during which the person's telephone
> number had been registered on the National Do Not Call Registry for at
> least thirty days, (4) for the purpose of selling Defendants's products and
> services, (5) without prior express written consent.

37.     The following individuals are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendants, their

subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their

parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definitions following appropriate discovery.

38.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

39.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendants' conduct constitutes a violation of the TCPA;

   (b) whether Defendants utilized an automatic telephone dialing system to make their prerecorded calls and send text messages to Plaintiffs and the members of the Classes;

   (c) whether Defendants systematically made multiple telephone calls to Plaintiffs and consumers whose telephone numbers were registered with the National Do Not Call Registry;

   (d) whether Defendants made prerecorded telephone calls and sent autodialed text messages to Plaintiffs and members of the Classes without first obtaining prior express written consent to make the calls and send the text messages; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

40.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendants have no defenses unique to any of the Plaintiffs. Plaintiffs and their counsel are committed to vigorously

11

prosecuting this action on behalf of the members of the Classes, and have the financial resources

to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Classes.

41.     **Appropriateness**: This class action is also appropriate for certification because

Defendants have acted or refused to act on grounds generally applicable to the Classes and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendants' business practices apply to and affect the members of the Classes

uniformly, and Plaintiffs' challenge of those practices hinge on Defendants' conduct with respect

to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by

Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendants' misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single court. Economies of time, effort, and expense will be fostered and uniformity of

decisions will be ensured.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff McCarthy, Plaintiff Eastman,**
**Plaintiff Rosenberg and the Prerecorded No Consent Class)**

42.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 and

incorporate them by reference herein.

43.     Defendants and/or their agents called Plaintiffs and the other members of the

Prerecorded No Consent Class using a prerecorded voice message.

44.     Defendants did not have Plaintiffs' and the other members of the Prerecorded No Consent Class prior express written to make such prerecorded voice message calls.

45.     Defendants have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendants' conduct, Plaintiffs and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500.00 in damages for each violation of such act.

46.     In the event that the Court determines that Defendants' conduct was willful and knowing, it may treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Prerecorded No Consent Class.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff McCarthy, Plaintiff Eastman,**
**Plaintiff Rosenberg and the Autodialed No Consent Class)**

47.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 and incorporate them by reference herein.

48.     Defendants and/or their agents transmitted unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiffs and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention.

49.     Defendants did not have Plaintiffs' and the other members of the Autodialed No Consent Class prior express written to send such text messages.

50.    Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of

Defendants' conduct, Plaintiffs and the other members of the Autodialed No Consent Class are

each entitled to a minimum of $500.00 in damages for each violation of such act.

51.    In the event that the Court determines that Defendants' conduct was willful and

knowing, it may treble the amount of statutory damages recoverable by Plaintiffs and the other

members of the Autodialed No Consent Class.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff McCarthy, Plaintiff Eastman**
**and the Do Not Call Registry Class)**

52.    Plaintiffs repeat and reallege the allegations  of paragraphs 1 through 41 and

incorporate them by reference herein.

53.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons

who do not wish to receive telephone solicitations that is maintained by the federal government."

54.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers."[11]

55.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate

any call for telemarketing purposes to a residential telephone subscriber unless such person or

entity has instituted procedures for maintaining a list of persons who request not to receive

telemarketing calls made by or on behalf of that person or entity."

---

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG
Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at
https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

56.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

57.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs Eastman and McCarthy and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs Eastman and McCarthy and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above.

59.     As a result of Defendants' conduct as alleged herein, Plaintiffs Eastman and McCarthy and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive no less than $500 in damages for such violations of 47 C.F.R. § 64.1200.

60.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should treble the amount of statutory damages recoverable by Plaintiffs Eastman and McCarthy and the other members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff McCarthy, Plaintiff Eastman, and Plaintiff Rosenberg, individually and on behalf of the Classes, pray for the following relief:

61.     An order certifying this case as a class action on behalf of the Classes as defined above, appointing Plaintiffs as the representatives of the Classes, and appointing their attorneys as Class Counsel;

62.     An award of actual and/or statutory damages;

63.     An order declaring that Defendants' actions, as set out above, violate the TCPA;

64.     An injunction requiring Defendants to cease all unsolicited calling and texting activity, and to otherwise protect the interests of the Classes;

65.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff McCarthy, Plaintiff Eastman and Plaintiff Rosenberg request a jury trial of all claims.

Respectfully Submitted,

ADAM MCCARTHY, JASON EASTMAN and ZACHARY ROSENBERG, individually and on behalf of Classes of similarly situated individuals

Dated: September 5, 2018

By: /s/ Jason Campbell
Jason Campbell Esq.
250 First Avenue, Unit 602
Charlestown, MA 02129
(617) 872-8652
jasonrcampbell@ymail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiffs and the putative Classes*

*\*Pro Hac Vice motion to be filed*

17